BENJAMIN B. WAGNER
United States Attorney
TODD D. LERAS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2198

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. S-11-356 KJM |
|    Plaintiff, | ) |
| v. | ) [~~PROPOSED~~] ORDER FOLLOWING<br>) HEARING ON DEFENDANT'S MOTION<br>) FOR DISCOVERY |
| MARCOS PANTOJA-INFANTE, | ) |
|    Defendant. | ) |

    This matter came before the Court for a hearing on Defendant Marcos Pantoja-Infante's Motion for Discovery on April 18, 2013. Plaintiff United States of America was represented by Todd D. Leras, Assistant United States Attorney.  Defendant appeared with his counsel, Attorney Preciliano Martinez.

    The parties argued the matter, addressing each of the twenty-eight items listed in the discovery motion.  The government represented that it has already complied, or intends to continue to comply in advance of trial, with its discovery obligations under Federal Rules of Criminal Procedure 16(a) and 26.2, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United</u>

1  States, 405 U.S. 150 (1972), and United States v. Henthorn, 931
2  F.2d 29 (9th Cir. 1991).  The parties also agreed, in order to
3  avoid unnecessary delay during the course of the trial, to
4  production of materials covered by the Jencks Act, 18 U.S.C. §
5  3500, fourteen days prior to commencement of the jury trial in
6  this matter.
7       Based on those representations and further argument of the
8  matter, the Court ruled as follows:
9       **Items 1, 3, 5, and 6** - Based on the government's
10 representations regarding compliance with Rule 16 of the FRCP,
11 the requests are moot;
12      **Item 2** - The government agreed to provide an updated copy of
13 defendant's criminal history;
14      **Items 4 and 10** - Defendant withdrew the request for these
15 items, conceding that there was no statutory or case authority
16 supporting their production;
17      **Items 7 and 19** - Based on the absence of statutory or case
18 authority supporting discovery of the requested items, the
19 requests are denied;
20      **Items 8, 9, 11, 12, 13, 14, 17, 18, 20, 21, 22, 24, 25, 26** -
21 To the extent that these requests are covered by the Jencks Act
22 and/or Rule 404(b) of the Federal Rules of Evidence, they are
23 subject to disclosure by agreement of the parties fourteen days
24 in advance of trial;
25      **Item 15** - Defendant's request for *in camera* inspection of
26 the government's files for potential Brady materials is denied;
27      **Item 16** - Defendant's request for disclosure of the identity
28 of any confidential reliable informants is denied;

2

**Items 23, 27, and 28** - Based on the government's representation regarding compliance with its obligations under Henthorn, the requests are moot.

The Court directed that the government prepare this formal order consistent with its rulings as to the various items requested in the discovery motion.

IT IS SO ORDERED.

DATED: April 29, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE